JAMES P. DIWIK (Bar No. 164016)
james.diwik@sdma.com
JOEL M. LONG (Bar No. 226061)
joel.long@sdma.com
SEDGWICK, DETERT, MORAN & ARNOLD LLP
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, CA 94105-1008
Telephone:    415.781.7900
Facsimile:    415.781.2635

Attorneys for Defendant
First National Insurance Company of America
(erroneously sued as Safeco Insurance Companies)

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HSR GENERAL ENGINEERING CONTRACTORS, INC.,<br><br>  Debtor. | Case No. 10-58737<br><br>Chapter 11<br><br>Adversary No. 10-05309 |
| HSR GENERAL ENGINEERING CONTRACTORS, INC.,<br><br>  Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANIES,<br><br>  Defendant. | **ANSWER TO FIRST AMENDED COMPLAINT** |

First National Insurance Company of America (erroneously sued as Safeco Insurance Companies) ("First National") responds to plaintiff HSR General Engineering Contractors, Inc.'s ("HSR") first amended complaint (the "FAC") as follows:[1]

---

[1] The caption of the FAC lists a single defendant, Safeco Insurance Companies, but the allegations set forth in the FAC do not even mention Safeco Insurance Companies. Rather, they reference multiple other entities including Liberty Mutual Group, Safeco Corporation, and First National. First National is the only proper defendant. But to the extent that the FAC purports to include any of the other referenced entities as defendants, this answer responds on behalf of all of them.

1

ANSWER TO FIRST AMENDED COMPLAINT

1. First National admits the allegations set forth in Paragraph 1 of the FAC.

2. Paragraph 2 of the FAC consists of legal conclusions to which no response is required.

3. Paragraph 3 of the FAC consists of legal conclusions to which no response is required.

4. Paragraph 4 of the FAC consists of legal conclusions to which no response is required.

5. First National admits the allegations set forth in Paragraph 5 of the FAC.

6. Paragraph 6 of the FAC consists of legal conclusions to which no response is required.

7. Paragraph 7 of the FAC consists of legal conclusions to which no response is required. To the extent that a response is required, First National admits that the United States Bankruptcy Court for the Northern District of California has jurisdiction over this adversary proceeding.

8. Paragraph 8 of the FAC consists of legal conclusions to which no response is required.

9. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 9 of the FAC and denies said allegations on that basis.

10. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 10 of the FAC and denies said allegations on that basis.

11. With respect to Paragraph 11 of the FAC, First National admits that, on January 2, 2008, HSR and others executed a General Agreement of Indemnity for Contractors in favor of First National. The allegations set forth in Paragraph 11 of the FAC are otherwise denied.

12. Paragraph 12 of the FAC consists of legal conclusions to which no response is required.

13. With respect to Paragraph 13 of the FAC, First National admits that it is a creditor in the main bankruptcy case. The allegations set forth in Paragraph 13 of the FAC are otherwise denied.

14. With respect to Paragraph 14 of the FAC, First National admits that it filed an objection to HSR's motion to use cash collateral in the main bankruptcy case. The allegations set forth in Paragraph 14 of the FAC are otherwise denied.

15. With respect to Paragraph 15 of the FAC, First National admits that, at HSR's request, First National issued certain performance and payment bonds on HSR's behalf in connection with certain construction projects located in Northern California, the terms of which bonds speak for themselves. The allegations set forth in Paragraph 15 of the FAC are otherwise denied.

16. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 16 of the FAC and denies said allegations on that basis.

17. With respect to Paragraph 17 of the FAC, First National denies that there are no open payment bond claims on the Coyote Point Bay Trail Improvements Project. First National lacks knowledge and information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 17 of the FAC and denies said allegations on that basis.

18. With respect to Paragraph 18 of the FAC, First National admits that it has received multiple payment bond claims in connection with the Presidio Trust Project. First National lacks knowledge and information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 18 of the FAC and denies said allegations on that basis.

19. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 19 of the FAC and denies said allegations on that basis.

20. With respect to Paragraph 20 of the FAC, First National denies that there are only two open payment bond claims on the Jacques Gulch Restoration Project. First National lacks

knowledge and information sufficient to enable it to admit or deny the remaining allegations set forth in Paragraph 20 of the FAC and denies said allegations on that basis.

21. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 21 of the FAC and denies said allegations on that basis.

22. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 22 of the FAC and denies said allegations on that basis.

23. First National denies the allegations set forth in Paragraph 23 of the FAC.

24. First National denies the allegations set forth in Paragraph 24 of the FAC.

25. First National denies the allegations set forth in Paragraph 25 of the FAC.

26. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 26 of the FAC and denies said allegations on that basis.

27. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 27 of the FAC and denies said allegations on that basis.

28. With respect to Paragraph 28 of the FAC, First National admits that it has not withdrawn its July 21, 2010 hold funds letters to certain bond obligees. The allegations set forth in Paragraph 28 of the FAC are otherwise denied.

29. With respect to Paragraph 29 of the FAC, First National admits that it has a priority contractual, legal and equitable right to bonded contract proceeds. The allegations set forth in Paragraph 29 of the FAC are otherwise denied.

30. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 30 of the FAC and denies said allegations on that basis.

31.  First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 31 of the FAC and denies said allegations on that basis.

32.  With respect to Paragraph 32 of the FAC, First National admits that bonded contract proceeds are trust funds for the payment of bonded obligations. The remaining allegations set forth in Paragraph 32 of the FAC consist of legal conclusions to which no response is required.

33.  With respect to Paragraph 33 of the FAC, First National admits that bonded contract proceeds are not the property of HSR's bankruptcy estate.

34.  First National denies the allegations set forth in Paragraph 34 of the FAC.

35.  First National denies the allegations set forth in Paragraph 35 of the FAC.

36.  First National denies the allegations set forth in Paragraph 36 of the FAC.

## FIRST CLAIM FOR RELIEF

### Declaratory Relief – 28 U.S.C. § 2201

37.  First National restates and incorporates by reference the responses set forth in Paragraphs 1-36 above.

38.  Paragraph 38 of the FAC consists of legal conclusions to which no response is required. To the extent that a response is required, the allegations set forth in Paragraph 38 of the FAC are denied.

39.  With respect to Paragraph 39 of the FAC, First National admits that it has a priority contractual, legal and equitable right to bonded contract proceeds. The allegations set forth in Paragraph 39 of the FAC are otherwise denied.

40.  With respect to Paragraph 40 of the FAC, First National admits that it has a priority contractual, legal and equitable right to bonded contract proceeds. The allegations set forth in Paragraph 40 of the FAC are otherwise denied.

41.  Paragraph 41 of the FAC consists of legal conclusions to which no response is required. To the extent that a response is required, the allegations set forth in Paragraph 41 of the FAC are denied.

SF/1864583v1

5

ANSWER TO FIRST AMENDED COMPLAINT

Case: 10-05309    Doc# 10    Filed: 10/01/10    Entered: 10/01/10 15:57:25    Page 5 of 9

## SECOND CLAIM FOR RELIEF

### Injunctive Relief

42. First National restates and incorporates by reference the responses set forth in Paragraphs 1-41 above.

43. First National denies the allegations set forth in Paragraph 43 of the FAC.

44. First National denies the allegations set forth in Paragraph 44 of the FAC.

45. Paragraph 45 of the FAC consists of legal conclusions to which no response is required. To the extent that a response is required, the language of the referenced statute speaks for itself. The allegations set forth in Paragraph 45 of the FAC are otherwise denied.

46. With respect to Paragraph 46 of the FAC, First National admits that it has a priority contractual, legal and equitable right to bonded contract proceeds. The allegations set forth in Paragraph 46 of the FAC are otherwise denied.

47. First National denies the allegations set forth in Paragraph 47 of the FAC.

48. First National denies the allegations set forth in Paragraph 48 of the FAC.

49. First National denies the allegations set forth in Paragraph 49 of the FAC.

50. First National denies the allegations set forth in Paragraph 50 of the FAC.

## THIRD CLAIM FOR RELIEF

### Avoidance and Recovery of Preferential Transfers – 11 U.S.C. § 547

51. First National restates and incorporates by reference the responses set forth in Paragraphs 1-50 above.

52. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 52 of the FAC and denies said allegations on that basis.

53. First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 53 of the FAC and denies said allegations on that basis.

54.     First National lacks knowledge and information sufficient to enable it to admit or deny the allegations set forth in Paragraph 54 of the FAC and denies said allegations on that basis.

## AFFIRMATIVE DEFENSES

First National alleges the following affirmative defenses to the FAC:

### FIRST AFFIRMATIVE DEFENSE

The FAC and each of the purported causes of action therein fail to state facts sufficient to constitute a cause of action against First National.

### SECOND AFFIRMATIVE DEFENSE

Any actions or inactions by First National were justified and/or privileged.

### THIRD AFFIRMATIVE DEFENSE

HSR's purported injuries, if any, were caused by HSR's own acts and omissions.

### FOURTH AFFIRMATIVE DEFENSE

HSR is not entitled to injunctive relief because any alleged injury to HSR is not immediate or irreparable.

### FIFTH AFFIRMATIVE DEFENSE

HSR's claims are barred in light of First National's priority contractual, legal and equitable right to bonded contract proceeds.

### SIXTH AFFIRMATIVE DEFENSE

First National presently lacks sufficient knowledge or information upon which to form a belief as to whether additional affirmative defenses may be available to it. Consequently, First National reserves the right to assert additional affirmative defenses in the event that discovery or First National's factual investigation and legal analysis in this matter indicate that such affirmative defenses would be appropriate.

Based on the above, First National respectfully requests judgment as follows:

1.     That no relief be granted to HSR, and that the FAC be dismissed with prejudice;

2.     For costs of suit; and

3. For such other and further relief as this Court deems just and proper.

DATED: September 30, 2010     SEDGWICK, DETERT, MORAN & ARNOLD LLP

By: _____
Joel M. Long
Attorneys for Defendant
First National Insurance Company of America
(erroneously sued as Safeco Insurance Companies)

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick, Detert, Moran & Arnold LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, CA 94105-1008. On September 30, 2010, I served the within document(s):

**ANSWER TO FIRST AMENDED COMPLAINT**

☐ FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☒ MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via [delivery method].

Gregory Charles, Esq.
Campeau, Goodsell, Smith L.C.
440 N. 1st Street, Suite 100
San Jose, CA 95112

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on September 30, 2010, at San Francisco, California.

*/s/ Sherry Longley*
Sherry Longley

SF/1863473v1

1