SEDGWICK LLP
JAMES P. DIWIK (Bar No. 164016)
james.diwik@sedgwicklaw.com
JOEL M. LONG (Bar No. 226061)
joel.long@sedgwicklaw.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Putative Defendants
Safeco Insurance Companies, Liberty
Mutual Group, and Safeco Corporation
and Defendant First National Insurance
Company of America

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>HSR GENERAL ENGINEERING CONTRACTORS, INC.,<br><br>Debtor. | Case No. 10-58737<br><br>Chapter 11 |
| HSR GENERAL ENGINEERING CONTRACTORS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANIES, et al.,<br><br>Defendants. | Adversary No. 10-05309 CN<br><br>**DECLARATION OF JOEL M. LONG IN SUPPORT OF MOTIONS TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF**<br><br>Date: August 12, 2011<br>Time: 2:00 p.m.<br>Judge: Hon. Charles Novack<br>Location: San Jose Courthouse<br>Courtroom 3070 |

I, Joel M. Long, declare as follows:

1. I am licensed to practice law before all courts of the State of California and before this Court, and I am an attorney with the law firm of Sedgwick LLP (formerly Sedgwick, Detert, Moran & Arnold LLP) ("Sedgwick"), counsel of record for putative defendants Safeco Insurance Companies, Liberty Mutual Group, and Safeco Corporation and defendant First National Insurance Company of America (collectively, the "Defendants"). I am one of the attorneys who has performed legal services on the Defendants' behalf in this adversary proceeding, as well as on behalf of creditor First National Insurance Company of America in the main Chapter 11 bankruptcy proceeding.

2. The matters stated in this declaration are of my own personal knowledge except as to those matters which are based on information and belief, and as to those matters, I am informed and believe them to be true. If called upon I could and would competently testify to all matters stated in this declaration under oath.

3. This declaration is submitted in support of the Defendants' motions to compel and for sanctions against plaintiff HSR General Engineering Services, Inc. ("HSR").

4. To date, the Defendants have not been served with initial disclosures from HSR.

5. On June 6, 2011, I wrote to counsel for HSR confirming this and requesting that HSR serve initial disclosures. HSR did not respond to that letter. (A true and correct copy of my June 6, 2011 letter is attached as Exhibit A.)

6. On June 6, 2011, the Defendants' first request for admissions was personally served on HSR. (A true and correct copy of the Defendants' first request for admissions is attached as Exhibit B.)

7. On July 6, 2011, HSR served a response to the Defendants' first request for admissions. (A true and correct copy of HSR's response to the Defendants' first request for admissions is attached as Exhibit C.)

8. On June 6, 2011, the Defendants' first set of interrogatories was personally served on HSR. (A true and correct copy of the Defendants' first set of interrogatories is attached as Exhibit D.)

9. On July 6, 2011, HSR served a response to the Defendants' first set of interrogatories. (A true and correct copy of HSR's response to the Defendants' first set of interrogatories is attached as <u>Exhibit E</u>.)

10. On June 6, 2011, the Defendants' first request for production of documents was personally served on HSR. (A true and correct copy of the Defendants' first request for production of documents is attached as <u>Exhibit F</u>.)

11. On July 6, 2011, HSR served a response to the Defendants' first request for production of documents. (A true and correct copy of HSR's response to the Defendants' first request for production of documents is attaches as <u>Exhibit G</u>.)

12. To date, HSR has not produced any documents or provided a privilege log.

13. By letter e-mailed and faxed on July 8, 2011, I wrote to counsel for HSR to meet and confer regarding the deficiencies in HSR's discovery responses. (A true and correct copy of my July 8, 2011 letter is attached as <u>Exhibit H</u>.)

14. Later on July 8, 2011, I called counsel for HSR in a further attempt to meet and confer, leaving a voice-mail message.

15. By e-mail later on July 8, 2011, counsel for HSR stated that he was out of the office and mentioned discussing the matter on either July 11 or July 12, 2011. (A true and correct copy of HSR's counsel's July 8, 2011 e-mail is attached as <u>Exhibit I</u>.)

16. On July 12, 2011, I again called counsel for HSR in a further attempt to meet and confer, leaving a voice-mail message.

17. Other than the July 8, 2011 e-mail discussed in Paragraph 15 above, I have not received any response to these meet and confer efforts.

18. On June 13, 2011, the Defendants' notice of deposition of HSR (the "Notice") was served on HSR by overnight mail. (A true and correct copy of the notice is attached as <u>Exhibit J</u>.)

19. HSR did not object or otherwise respond to the Notice.

20. By letter dated June 30, 2011, I confirmed that the deposition was going forward as noticed. HSR's counsel responded by letter later on June 30, 2011. I responded by e-mail

Case: 10-05309   Doc# 33   Filed: 07/13/11   Entered: 07/13/11 22:08:23   Page 3 of 5
LONG DEC. ISO MOTIONS TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF

1   later on June 30, 2011. (True and correct copies of the foregoing correspondence are attached
2   collectively as Exhibit K.)

3       21. On the morning of July 1, 2011, I called counsel for HSR to follow up on the
4   Defendants' request for deposition dates. HSR's counsel stated that he would provide dates
5   shortly.

6       22. By e-mail on the evening of July 1, 2011, I served an amended deposition notice
7   rescheduling the deposition for July 6, 2011. (A true and correct copy of my July 1, 2011 e-mail
8   and amended deposition notice are attached as Exhibit L.)

9       23. By e-mails dated July 5 and 6, 2011, I wrote to counsel for HSR to follow up on
10   the Defendants' request for deposition dates. (True and correct copies of my July 5 and 6, 2011
11   e-mails are attached collectively as Exhibit M.)

12      24. By e-mail later on July 6, 2011, counsel for HSR responded. (A true and correct
13   copy of HSR's counsel's July 6, 2011 e-mail is attached as Exhibit N.)

14      25. As of the filing of this motion, the Defendants have not received any deposition
15   dates from HSR.

16      26. I have spent in excess of six hours preparing Quality's motions to compel and for
17   sanctions. This time includes completion of the following tasks: (a) conducting factual and legal
18   research for the motions; (b) preparing the motions; and (c) preparing this declaration. This time
19   does not include any tasks associated with meeting and conferring with HSR before the motions
20   were filed, nor does it include any anticipated time for preparing for and attending a hearing on
21   the motions. Given the length and substance of the motions, I believe that six hours in
22   connection with preparing the motions is reasonable and appropriate.

23      27. I am special counsel at Sedgwick. I graduated from George Washington
24   University Law School in Washington, DC in 1998. Thereafter, I practiced commercial litigation
25   at a boutique firm in Washington, DC for approximately three years. I began working at
26   Sedgwick's San Francisco office as an associate attorney in March 2003 and have worked at
27   Sedgwick ever since. Much of my practice has been devoted to representing surety companies,
28   including representing surety clients in bankruptcy cases.

SF/2280846v1    -4-
LONG DEC. ISO MOTIONS TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF
Case: 10-05309   Doc# 33   Filed: 07/13/11   Entered: 07/13/11 22:08:23   Page 4 of 5

28. My hourly rate for work on this matter is $275 per hour. Based on my eight-plus years practicing surety and construction law in the Northern California Bay Area, I believe that my hourly rate is reasonable and consistent with rates charged for similar work on behalf of similarly situated clients in the Bay Area legal marketplace.

29. Quality requests an award of attorney's fees in connection with its motions to compel and for sanctions in the amount of $1,650, representing six hours at the rate of $275 per hour.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 13th day of July, 2011.

/s/ Joel M. Long
Joel M. Long