# EXHIBIT J

1  SEDGWICK LLP
   JAMES P. DIWIK (Bar No. 164016)
2  james.diwik@sedgwicklaw.com
   JOEL M. LONG (Bar No. 226061)
3  joel.long@sedgwicklaw.com
   One Market Plaza
4  Steuart Tower, 8th Floor
   San Francisco, California 94105
5  Telephone: (415) 781-7900
   Facsimile: (415) 781-2635
6
   Attorneys for Putative Defendants
7  Safeco Insurance Companies, Liberty
   Mutual Group, and Safeco Corporation
8  and Defendant First National Insurance
   Company of America
9

10

11              UNITED STATES BANKRUPTCY COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13

14  In re:                              Case No. 10-58737

15  HSR GENERAL ENGINEERING             Chapter 11
    CONTRACTORS, INC.,
16
            Debtor.
17

18  HSR GENERAL ENGINEERING             Adversary No. 10-05309 CN
    CONTRACTORS, INC.,
19                                      **NOTICE OF DEPOSITION OF PLAINTIFF**
            Plaintiff,
20
    v.
21
    SAFECO INSURANCE COMPANIES, et
22  al.,

23          Defendants.

24

25

26  To All Parties and Their Counsel of Record:

27      Please take notice that, pursuant to Rule 7030 of the Federal Rules of Bankruptcy

28  Procedure and Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant First National

1 Insurance Company of America will take the deposition upon oral examination of plaintiff HSR

2 General Engineering Contractors, Inc. ("HSR") on Friday, July 1, 2011, through such officers,

3 directors, managing agents or other persons designed by HSR to testify on its behalf. The

4 deposition will take place at Sedgwick LLP, One Market Plaza, Steuart Tower, 8th Floor, San

5 Francisco, California 94015. The deposition will begin at 10:00 a.m. and continue day to day

6 until completed, excluding weekends and holidays. The deposition will be taken before a notary

7 public or other person authorized by law to administer oaths and will be recorded by audio,

8 audiovisual or stenographic means. First National is taking HSR's deposition for purposes of

9 discovery, for use at trial, and for all other purposes authorized by the Federal Rules of

10 Bankruptcy and Civil Procedure.

11      The subjects upon which examination is requested and as to which the witnesses

12 designated by HSR will be examined are listed below. Pursuant to Rule 30(b)(6) of the Federal

13 Rules of Civil Procedure, each designee for each subject shall testify as to those matters based on

14 information known or reasonably available to HSR regarding said subjects. In addition, pursuant

15 to Rule 26(b)(1) of the Federal Rules of Civil Procedure, each designee shall testify to such other

16 matters as may be relevant to the claims and defenses of any party involved in this action,

17 including, without limitation, the existence, description, nature, custody, condition and location

18 of any relevant documents, electronically stored information, or other tangible things, as well as

19 the identity and location of those individuals and entities having knowledge of any discoverable

20 matter.

21 **CATEGORIES OF INQUIRY**

22     1.    The factual basis for the claims and causes of action set forth in HSR's first

23 amended complaint (the "FAC") in the above-captioned adversary proceeding.

24     2.    The factual basis for the allegations set forth in Paragraph 17 of the FAC.

25     3.    The factual basis for the allegations set forth in Paragraphs 18-19 of the FAC.

26     4.    The factual basis for the allegations set forth in Paragraph 20 of the FAC.

27     5.    The factual basis for the allegations set forth in Paragraph 21 of the FAC.

28     6.    The factual basis for the allegations set forth in Paragraph 26 of the FAC.

1    7.    The factual basis for the allegations set forth in Paragraph 52 of the FAC.

2    8.    HSR's financial condition as of January 1, 2010.

3    9.    HSR's financial condition as of May 1, 2010.

4    10.   HSR's financial condition as of July 31, 2010.

5    11.   The status of all Bonded Projects as of January 1, 2010, including, without
6    limitation, the status of the physical construction work on the Bonded Projects and the
7    accounting of funds under the contracts between HSR and the owners of the Bonded Projects.
8    (The term "Bonded Projects" means and refers to the following construction projects for which
9    First National Insurance Company of America issued performance and/or payment bonds on
10   behalf of HSR:  (a) County of San Mateo Coyote Point Bay Trail Improvements,
11   Performance/Payment Bond No. 6633459; (b) City of Gilroy Camino Arroyo Bridge, Phase II,
12   Performance/Payment Bond No. 6500532; (c) Santa Clara Valley Water District Jacques Gulch
13   Restoration, Performance/Payment Bond 6576833; (d) Caltrans Construct Soldier Pile Wall, etc.,
14   Performance/Payment Bond No. 6576823; (e) Presidio Trust Landfills 8 & 10 and Graded Area 9
15   Remediation, Performance/Payment Bond No. 6633445; (f) Caltrans Pavement Repair and
16   Removal (Contract No. 04A3140), Payment Bond No. 6576820; and (g) Caltrans Temporary
17   Traffic Signal (Contract No. 04A3271), Payment Bond No. 65768232.)

18   12.   The status of all Bonded Projects as of May 1, 2010, including, without limitation,
19   the status of the physical construction work on the Bonded Projects and the accounting of funds
20   under the contracts between HSR and the owners of the Bonded Projects.

21   13.   The status of all Bonded Projects as of August 23, 2010, including, without
22   limitation, the status of the physical construction work on the Bonded Projects and the
23   accounting of funds under the contracts between HSR and the owners of the Bonded Projects.

24   14.   The current status of all Bonded Projects, including, without limitation, the status
25   of the physical construction work on the Bonded Projects and the accounting of funds under the
26   contracts between HSR and the owners of the Bonded Projects.

27   15.   All facts, circumstances and communications concerning any prime contract and
28   subcontract change orders on the Bonded Projects, whether approved, disapproved, or pending.

1      16.     All facts, circumstances and communications concerning any claims by you for

2  extra work or additional compensation on the Bonded Projects.

3      17.     All facts, circumstances and communications concerning any by any of the owners

4  of the Bonded Projects against HSR related to work performed by HSR on any of the Bonded

5  Projects. (This includes, without limitation, back charges, liquidated damages, and claims

6  regarding incomplete and/or defective work.)

7      18.     Any communications between HSR and any of the owners of the Bonded Projects

8  from January 1, 2010, to the present.

9      19.     Any communications between HSR and any of your subcontractors on the Bonded

10  Projects from January 1, 2010, to the present.

11      20.     Any communications between HSR and any of your material or equipment

12  suppliers on the Bonded Projects from January 1, 2010, to the present.

13      21.     HSR's internal communications (defined as oral or written communications

14  between HSR representatives, including, without limitation, letters, notes, memoranda and

15  electronic mail) regarding any of the Bonded Projects from January 1, 2010, to the present.

16      22.     HSR's communications with any company to which HSR applied for surety bonds

17  (including, without limitation, performance bonds, payment bonds, stop notice release bonds,

18  mechanic's lien release bonds, contractor's license bonds, or bid bonds) from January 1, 2010, to

19  the present.

20      23.     All facts, circumstances and communications concerning any application by HSR

21  for surety bonds (including, without limitation, performance bonds, payment bonds, stop notice

22  release bonds, mechanic's lien release bonds, contractor's license bonds, or bid bonds) from

23  January 1, 2010, to the present.

24      24.     Any communications between HSR and any other individual or entity regarding

25  any of the defendants named in the above-captioned adversary proceeding from January 1, 2010,

26  to the present.

27      25.     All facts, circumstances and communications concerning any work that HSR

28  performed on any Bonded Project that was, or that was alleged to be, incomplete, deficient,

1    nonconforming and/or defective.

2         26.    All facts, circumstances and communications concerning any amounts that HSR

3    believes that it is currently owed by the owners of the Bonded Projects.

4         27.    All facts, circumstances and communications concerning any base contract work

5    performed by HSR or on its behalf on any of the Bonded Projects from August 23, 2010, to the

6    present.

7         28.    All facts, circumstances and communications concerning any remedial work

8    performed by HSR or on its behalf on any of the Bonded Projects from August 23, 2010, to the

9    present.

10         29.    All facts, circumstances and communications concerning any punch list work

11    performed by HSR or on ITS behalf on any of the Bonded Projects from August 23, 2010, to the

12    present.

13         30.    All facts, circumstances and communications concerning any insurance claims

14    made by HSR related to its work on any of the Bonded Projects.

15         31.    All facts, circumstances and communications concerning stop notices on the

16    Bonded Projects.

17         32.    The factual basis for the information set forth in declarations submitted by HSR

18    personnel in the above-captioned Chapter 11 bankruptcy proceeding.

19         33.    The factual basis for the information set forth in declarations submitted by HSR

20    personnel in the above-captioned adversary proceeding.

21         34.    All facts, circumstances and communications concerning the claims and defenses

22    asserted in the pending lawsuit captioned *Strouss Bros. Construction, Inc. v. HSR General*

23    *Engineering Contractors, Inc.*, Superior Court of California, County of Santa Clara, Case No.

24    110-CV-170325.

25    ///

26    ///

27    ///

28    ///

SF/2253703v1

NOTICE OF DEPOSITION OF PLAINTIFF

1    DATED: June 13, 2011                    SEDGWICK LLP

2

3                                            By: _____
                                                Joel M. Long
4                                                Attorneys for Putative Defendants Safeco Insurance
                                                Companies, Liberty Mutual Group, and Safeco
5                                                Corporation, and Defendant First National Insurance
                                                Company of America
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SF/2235763v1    -6-

NOTICE OF DEPOSITION OF PLAINTIFF

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, CA 94105-1008. On June 13, 2011, I served the within document(s):

**NOTICE OF DEPOSITION OF PLAINTIFF**

☐      FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐      MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐      PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒      OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Federal Express.

Gregory Charles, Esq.
Campeau, Goodsell, Smith L.C.
440 N. 1st Street, Suite 100
San Jose, CA 95112

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with Federal Express, with delivery charges billable to Sedgwick LLP on account, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed June 13, 2011, at San Francisco, California.

Joel M. Long

SF/2256697v1

# EXHIBIT K

# Sedgwick LLP

June 30, 2011

*Via E-Mail and Facsimile*

Scott L. Goodsell, Esq.
Gregory J. Charles, Esq.
Campeau Goodsell Smith
440 North 1st Street, Suite 100
San Jose, California  95112

Re:     *In re: HSR General Engineering Contractors, Inc.*
        United States Bankruptcy Court for the Northern District of California
        Case No. 10-58737 CN

        *HSR General Engineering Contractors, Inc. v. Safeco Insurance Companies, et al.*
        United States Bankruptcy Court for the Northern District of California
        Adversary No. 10-5309

Dear Counsel:

On June 13, 2011, First National's notice of deposition of HSR was hand-served on your office, setting the deposition for tomorrow, July 1, 2011, at 10:00 a.m., at Sedgwick's office in San Francisco.  We have not received any communications from you regarding the notice.  This confirms that the deposition is going forward tomorrow as scheduled.

Sincerely,

Joel M. Long
Sedgwick LLP

cc:     James P. Diwik, Esq. – Sedgwick-SF

# CAMPEAU GOODSELL SMITH
### A LAW CORPORATION
440 NORTH FIRST STREET, STE. 100
SAN JOSE, CALIFORNIA 95112
TELEPHONE: (408) 295-9555
FACSIMILE: (408) 852-0233

Gregory Charles
gcharles@campeaulaw.com

June 30, 2011

Joel Long, Esq.                                          Via electronic mail
Sedgewick, Detert, Moran & Arnold, LLP
One Market Plaza, Stuart Tower, 8th Floor
San Francisco, CA 94105

Re: *HSR General Engineering
Contractors, Inc. ("HSR")*

Dear Mr. Long:

I write with respect to your efforts to confirm the deposition of my client tomorrow. Initially, Mr. Dorsa, the designee, is not available. I am also curious that you confirmed the deposition because you heard nothing in response to the notice that you served.

In fact, we had no obligation to contact you regarding the deposition of my client. Rather, you noticed the deposition in violation of Civil Local Rule 30-1 made applicable to this proceeding pursuant to Bankruptcy Local Rule 1001-2(a)

For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is *pro se*, the party.

Further, you cannot contend that the notice was an effort to meet and confer (CLR 1-5(n)). Since you cannot notice a deposition until you have complied with CLR 30-1, you have not noticed a deposition commencing tomorrow. We will be glad to meet and confer regarding my client's deposition and look forward to hearing from you.

Very truly yours,

CAMPEAU GOODSELL SMITH
A Law Corporation

By
Gregory J. Charles

**Long, Joel**

| | |
|---|---|
| **From:** | Long, Joel |
| **Sent:** | Thursday, June 30, 2011 1:38 PM |
| **To:** | 'Scott L. Goodsell'; 'gcharles@campeaulaw.com' |
| **Cc:** | Diwik, James |
| **Subject:** | FW: HSR v. Safeco (Adversary No. 10-5309) |
| **Attachments:** | 20110630 to Long.pdf |

Counsel:

This responds to Mr. Charles' attached letter. First National disagrees with your assessment of the effectiveness of the subject deposition notice and your apparent conclusion that you had no obligation to respond to the same. We note that HSR did not serve an objection to the notice, thus waiving any such objection. But it is not productive for the parties to argue about these issues. Instead, please provide available dates for your client's deposition on or before the July 6, 2011 fact discovery cutoff. If you wish to choose a date shortly after the fact discovery cutoff, then the parties must submit a stipulation and obtain an order from the Court permitting the same, with First National reserving its right to file a motion to compel until such order is received.

Thank you for your anticipated prompt response.

**Joel M. Long**
joel.long@sedgwicklaw.com | 415.627.1432 *direct*

# Sedgwick LLP

One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

---

**From:** Greg Charles [mailto:gregcharles@gmail.com]
**Sent:** Thursday, June 30, 2011 12:54 PM
**To:** Long, Joel
**Cc:** Scott L. Goodsell; Diwik, James
**Subject:** Re: HSR v. Safeco (Adversary No. 10-5309)

Please see attached.

# EXHIBIT L

| | |
|---|---|
| **From:** | Long, Joel |
| **Sent:** | Friday, July 01, 2011 6:53 PM |
| **To:** | 'gcharles@campeaulaw.com' |
| **Subject:** | HSR Adversary Proceeding |
| **Attachments:** | HSR Adv. Proc.--Amended Notice of Deposition of HSR.pdf |

Greg:

Following up on our telephone discussion this morning, attached is an amended deposition notice to HSR setting the deposition for July 6, 2011, the last day of fact discovery. As discussed, if HSR needs the date to be moved to sometime shortly after July 6, First National is willing to stipulate to the same as an accommodation, subject to obtaining the Court's approval. Please advise regarding available dates as soon as possible. Thanks.

**Joel M. Long**
joel.long@sedgwicklaw.com | 415.627.1432 *direct*

# Sedgwick LLP

One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

| | |
|---|---|
| 1 | SEDGWICK LLP<br>JAMES P. DIWIK (Bar No. 164016) |
| 2 | james.diwik@sedgwicklaw.com<br>JOEL M. LONG (Bar No. 226061) |
| 3 | joel.long@sedgwicklaw.com<br>One Market Plaza |
| 4 | Steuart Tower, 8th Floor<br>San Francisco, California 94105 |
| 5 | Telephone: (415) 781-7900<br>Facsimile: (415) 781-2635 |
| 6 | |
| 7 | Attorneys for Putative Defendants<br>Safeco Insurance Companies, Liberty |
| 8 | Mutual Group, and Safeco Corporation<br>and Defendant First National Insurance |
| 9 | Company of America |

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 14 | In re: | Case No. 10-58737 |
| 15 | HSR GENERAL ENGINEERING<br>CONTRACTORS, INC., | Chapter 11 |
| 16 | | |
| 17 | Debtor. | |
| 18 | HSR GENERAL ENGINEERING<br>CONTRACTORS, INC., | Adversary No. 10-05309 CN |
| 19 | | ***AMENDED* NOTICE OF DEPOSITION OF<br>PLAINTIFF** |
| 20 | Plaintiff, | |
| 21 | v. | |
| 22 | SAFECO INSURANCE COMPANIES, et<br>al., | |
| 23 | Defendants. | |
| 24 | | |

26   To All Parties and Their Counsel of Record:

27       Please take notice that, pursuant to Rule 7030 of the Federal Rules of Bankruptcy

28   Procedure and Rule 30(b)(6) of the Federal Rules of Civil Procedure, defendant First National

1  Insurance Company of America ("First National") will take the deposition upon oral examination

2  of plaintiff HSR General Engineering Contractors, Inc. ("HSR") on **_Wednesday, July 6, 2011_**,

3  through such officers, directors, managing agents or other persons designed by HSR to testify on

4  its behalf. The change from the originally noticed date of July 1, 2011, to July 6, 2011, is being

5  made to accommodate the unavailability of HSR. To the extent that HSR needs the deposition

6  date to be moved to a date shortly after the July 6, 2011 fact discovery cutoff, First National is

7  willing to stipulate to the same, subject to approval by the Court.

8        The deposition will take place at Sedgwick LLP, One Market Plaza, Steuart Tower, 8th

9  Floor, San Francisco, California 94015. The deposition will begin at 10:00 a.m. and continue

10  day to day until completed, excluding weekends and holidays. The deposition will be taken

11  before a notary public or other person authorized by law to administer oaths and will be recorded

12  by audio, audiovisual or stenographic means. First National is taking HSR's deposition for

13  purposes of discovery, for use at trial, and for all other purposes authorized by the Federal Rules

14  of Bankruptcy and Civil Procedure.

15        The subjects upon which examination is requested and as to which the witnesses

16  designated by HSR will be examined are listed below. Pursuant to Rule 30(b)(6) of the Federal

17  Rules of Civil Procedure, each designee for each subject shall testify as to those matters based on

18  information known or reasonably available to HSR regarding said subjects. In addition, pursuant

19  to Rule 26(b)(1) of the Federal Rules of Civil Procedure, each designee shall testify to such other

20  matters as may be relevant to the claims and defenses of any party involved in this action,

21  including, without limitation, the existence, description, nature, custody, condition and location

22  of any relevant documents, electronically stored information, or other tangible things, as well as

23  the identity and location of those individuals and entities having knowledge of any discoverable

24  matter.

25                            **CATEGORIES OF INQUIRY**

26        1.     The factual basis for the claims and causes of action set forth in HSR's first

27  amended complaint (the "FAC") in the above-captioned adversary proceeding.

28  ///

Case 10-05309   Doc# 33-3   Filed: 07/15/11   Entered: 07/15/11 22:08:23   Page 16 of 27

1    2.    The factual basis for the allegations set forth in Paragraph 17 of the FAC.

2    3.    The factual basis for the allegations set forth in Paragraphs 18-19 of the FAC.

3    4.    The factual basis for the allegations set forth in Paragraph 20 of the FAC.

4    5.    The factual basis for the allegations set forth in Paragraph 21 of the FAC.

5    6.    The factual basis for the allegations set forth in Paragraph 26 of the FAC.

6    7.    The factual basis for the allegations set forth in Paragraph 52 of the FAC.

7    8.    HSR's financial condition as of January 1, 2010.

8    9.    HSR's financial condition as of May 1, 2010.

9    10.    HSR's financial condition as of July 31, 2010.

10    11.    The status of all Bonded Projects as of January 1, 2010, including, without

11   limitation, the status of the physical construction work on the Bonded Projects and the

12   accounting of funds under the contracts between HSR and the owners of the Bonded Projects.

13   (The term "Bonded Projects" means and refers to the following construction projects for which

14   First National Insurance Company of America issued performance and/or payment bonds on

15   behalf of HSR: (a) County of San Mateo Coyote Point Bay Trail Improvements,

16   Performance/Payment Bond No. 6633459; (b) City of Gilroy Camino Arroyo Bridge, Phase II,

17   Performance/Payment Bond No. 6500532; (c) Santa Clara Valley Water District Jacques Gulch

18   Restoration, Performance/Payment Bond 6576833; (d) Caltrans Construct Soldier Pile Wall, etc.,

19   Performance/Payment Bond No. 6576823; (e) Presidio Trust Landfills 8 & 10 and Graded Area 9

20   Remediation, Performance/Payment Bond No. 6633445; (f) Caltrans Pavement Repair and

21   Removal (Contract No. 04A3140), Payment Bond No. 6576820; and (g) Caltrans Temporary

22   Traffic Signal (Contract No. 04A3271), Payment Bond No. 65768232.)

23    12.    The status of all Bonded Projects as of May 1, 2010, including, without limitation,

24   the status of the physical construction work on the Bonded Projects and the accounting of funds

25   under the contracts between HSR and the owners of the Bonded Projects.

26    13.    The status of all Bonded Projects as of August 23, 2010, including, without

27   limitation, the status of the physical construction work on the Bonded Projects and the

28   accounting of funds under the contracts between HSR and the owners of the Bonded Projects.

14. The current status of all Bonded Projects, including, without limitation, the status of the physical construction work on the Bonded Projects and the accounting of funds under the contracts between HSR and the owners of the Bonded Projects.

15. All facts, circumstances and communications concerning any prime contract and subcontract change orders on the Bonded Projects, whether approved, disapproved, or pending.

16. All facts, circumstances and communications concerning any claims by you for extra work or additional compensation on the Bonded Projects.

17. All facts, circumstances and communications concerning any by any of the owners of the Bonded Projects against HSR related to work performed by HSR on any of the Bonded Projects. (This includes, without limitation, back charges, liquidated damages, and claims regarding incomplete and/or defective work.)

18. Any communications between HSR and any of the owners of the Bonded Projects from January 1, 2010, to the present.

19. Any communications between HSR and any of your subcontractors on the Bonded Projects from January 1, 2010, to the present.

20. Any communications between HSR and any of your material or equipment suppliers on the Bonded Projects from January 1, 2010, to the present.

21. HSR's internal communications (defined as oral or written communications between HSR representatives, including, without limitation, letters, notes, memoranda and electronic mail) regarding any of the Bonded Projects from January 1, 2010, to the present.

22. HSR's communications with any company to which HSR applied for surety bonds (including, without limitation, performance bonds, payment bonds, stop notice release bonds, mechanic's lien release bonds, contractor's license bonds, or bid bonds) from January 1, 2010, to the present.

23. All facts, circumstances and communications concerning any application by HSR for surety bonds (including, without limitation, performance bonds, payment bonds, stop notice release bonds, mechanic's lien release bonds, contractor's license bonds, or bid bonds) from January 1, 2010, to the present.

1       24.     Any communications between HSR and any other individual or entity regarding

2  any of the defendants named in the above-captioned adversary proceeding from January 1, 2010,

3  to the present.

4       25.     All facts, circumstances and communications concerning any work that HSR

5  performed on any Bonded Project that was, or that was alleged to be, incomplete, deficient,

6  nonconforming and/or defective.

7       26.     All facts, circumstances and communications concerning any amounts that HSR

8  believes that it is currently owed by the owners of the Bonded Projects.

9       27.     All facts, circumstances and communications concerning any base contract work

10  performed by HSR or on its behalf on any of the Bonded Projects from August 23, 2010, to the

11  present.

12       28.     All facts, circumstances and communications concerning any remedial work

13  performed by HSR or on its behalf on any of the Bonded Projects from August 23, 2010, to the

14  present.

15       29.     All facts, circumstances and communications concerning any punch list work

16  performed by HSR or on ITS behalf on any of the Bonded Projects from August 23, 2010, to the

17  present.

18       30.     All facts, circumstances and communications concerning any insurance claims

19  made by HSR related to its work on any of the Bonded Projects.

20       31.     All facts, circumstances and communications concerning stop notices on the

21  Bonded Projects.

22       32.     The factual basis for the information set forth in declarations submitted by HSR

23  personnel in the above-captioned Chapter 11 bankruptcy proceeding.

24       33.     The factual basis for the information set forth in declarations submitted by HSR

25  personnel in the above-captioned adversary proceeding.

26       34.     All facts, circumstances and communications concerning the claims and defenses

27  asserted in the pending lawsuit captioned *Strouss Bros. Construction, Inc. v. HSR General*

28  *Engineering Contractors, Inc.*, Superior Court of California, County of Santa Clara, Case No.

1 | 110-CV-170325.

2 | DATED: July 1, 2011      SEDGWICK LLP

3 |

4 | By:_____

5 | Joel M. Long
Attorneys for Putative Defendants Safeco Insurance

6 | Companies, Liberty Mutual Group, and Safeco
Corporation, and Defendant First National Insurance

7 | Company of America

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

## CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Sedgwick LLP, One Market Plaza, Steuart Tower, 8th Floor, San Francisco, CA 94105-1008. On July 1, 2011 , I served the within document(s):

*AMENDED* **NOTICE OF DEPOSITION OF PLAINTIFF**

☐        FACSIMILE - by transmitting via facsimile the document(s) listed above to the fax number(s) set forth on the attached Telecommunications Cover Page(s) on this date before 5:00 p.m.

☐        MAIL - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐        PERSONAL SERVICE - by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒        OVERNIGHT COURIER - by placing the document(s) listed above in a sealed envelope with shipping prepaid, and depositing in a collection box for next day delivery to the person(s) at the address(es) set forth below via Federal Express.

Gregory Charles, Esq.
Campeau, Goodsell, Smith L.C.
440 N. 1st Street, Suite 100
San Jose, CA 95112

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with Federal Express, with delivery charges billable to Sedgwick LLP on account, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed July 1, 2011, at San Francisco, California.

Joel M. Long

SF/2277012v1

# EXHIBIT M

**Long, Joel**

---

| | |
|---|---|
| **From:** | Long, Joel |
| **Sent:** | Tuesday, July 05, 2011 7:07 PM |
| **To:** | 'gcharles@campeaulaw.com' |
| **Subject:** | FW: HSR Adversary Proceeding |
| **Attachments:** | HSR Adv. Proc.--Amended Notice of Deposition of HSR.pdf |

| | |
|---|---|
| **Importance:** | High |

Greg: Please advise on this. Thanks.

**Joel M. Long**
joel.long@sedgwicklaw.com | 415.627.1432 *direct*

# Sedgwick LLP

One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

---

**From:** Long, Joel
**Sent:** Friday, July 01, 2011 6:53 PM
**To:** 'gcharles@campeaulaw.com'
**Subject:** HSR Adversary Proceeding

Greg:

Following up on our telephone discussion this morning, attached is an amended deposition notice to HSR setting the deposition for July 6, 2011, the last day of fact discovery. As discussed, if HSR needs the date to be moved to sometime shortly after July 6, First National is willing to stipulate to the same as an accommodation, subject to obtaining the Court's approval. Please advise regarding available dates as soon as possible. Thanks.

**Joel M. Long**
joel.long@sedgwicklaw.com | 415.627.1432 *direct*

# Sedgwick LLP

One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

1

**Long, Joel**

| | |
|---|---|
| **From:** | Long, Joel |
| **Sent:** | Wednesday, July 06, 2011 6:43 PM |
| **To:** | 'gcharles@campeaulaw.com' |
| **Subject:** | FW: HSR Adversary Proceeding |
| **Attachments:** | HSR Adv. Proc.--Amended Notice of Deposition of HSR.pdf |

**Importance:** High

Greg:

HSR did not appear for deposition this morning as notices and I have not heard anything from you regarding alternative dates.  First National remains willing to stipulate to an alternative date if the Court approves, and wishes to avoid having to file a motion to compel the deposition.  Please advise.  Thanks.

**Joel M. Long**
joel.long@sedgwicklaw.com | 415.627.1432 *direct*

# Sedgwick LLP

One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

---

**From:** Long, Joel
**Sent:** Tuesday, July 05, 2011 7:07 PM
**To:** 'gcharles@campeaulaw.com'
**Subject:** FW: HSR Adversary Proceeding
**Importance:** High

Greg:  Please advise on this.  Thanks.

**Joel M. Long**
joel.long@sedgwicklaw.com | 415.627.1432 *direct*

# Sedgwick LLP

One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

---

**From:** Long, Joel
**Sent:** Friday, July 01, 2011 6:53 PM
**To:** 'gcharles@campeaulaw.com'
**Subject:** HSR Adversary Proceeding

Greg:

Following up on our telephone discussion this morning, attached is an amended deposition notice to HSR setting the deposition for July 6, 2011, the last day of fact discovery.  As discussed, if HSR needs the date to be moved to sometime shortly after July 6, First National is willing to stipulate to the same as an accommodation, subject to obtaining the Court's approval.  Please advise regarding available dates as soon as possible.  Thanks.

1

**Joel M. Long**
joel.long@sedgwicklaw.com | 415.627.1432 *direct*

# Sedgwick LLP

One Market Plaza, Steuart Tower, 8th Floor
San Francisco, CA 94105
415.781.7900 *phone* | 415.781.2635 *fax* | www.sedgwicklaw.com

2

# **EXHIBIT N**

| | |
|---|---|
| **From:** | Greg Charles [gregcharles@gmail.com] |
| **Sent:** | Wednesday, July 06, 2011 9:33 PM |
| **To:** | Long, Joel |
| **Subject:** | Re: HSR Adversary Proceeding |
| **Attachments:** | response to interrogatories.pdf; ATT525075.htm; response to requests for admission.pdf; ATT525076.htm; response to requests for production of documents.pdf; ATT525077.htm |

Joel:

I don't have a date for you yet, so we will stipulate to extend to accommodate your deposition.

On Jul 1, 2011, at 6:53 PM, Long, Joel wrote:

Greg: