SEDGWICK LLP
JAMES P. DIWIK (Bar No. 164016)
james.diwik@sedgwicklaw.com
JOEL M. LONG (Bar No. 226061)
joel.long@sedgwicklaw.com
One Market Plaza
Steuart Tower, 8th Floor
San Francisco, California 94105
Telephone: (415) 781-7900
Facsimile: (415) 781-2635

Attorneys for Putative Defendants
Safeco Insurance Companies, Liberty
Mutual Group, and Safeco Corporation
and Defendant First National Insurance
Company of America

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | Case No. 10-58737 |
| HSR GENERAL ENGINEERING CONTRACTORS, INC., | Chapter 11 |
| Debtor. | |
| HSR GENERAL ENGINEERING CONTRACTORS, INC., | Adversary No. 10-05309 CN |
| Plaintiff, | **DECLARATION OF JOEL M. LONG FOLLOWING AUGUST 12, 2011 HEARING ON MOTIONS TO COMPEL AND FOR SANCTIONS AGAINST PLAINTIFF** |
| v. | |
| SAFECO INSURANCE COMPANIES, et al., | |
| Defendants. | |

I, Joel M. Long, declare as follows:

1. I am licensed to practice law before all courts of the State of California and before this Court, and I am an attorney with the law firm of Sedgwick LLP (formerly Sedgwick, Detert, Moran & Arnold LLP), counsel of record for putative defendants Safeco Insurance Companies,

Liberty Mutual Group, and Safeco Corporation and defendant First National Insurance Company of America (collectively, the "Defendants"). I am one of the attorneys who has performed legal services on the Defendants' behalf in this adversary proceeding, as well as on behalf of creditor First National Insurance Company of America in the main Chapter 11 bankruptcy proceeding.

2. The matters stated in this declaration are of my own personal knowledge except as to those matters which are based on information and belief, and as to those matters, I am informed and believe them to be true. If called upon I could and would competently testify to all matters stated in this declaration under oath.

3. On August 12, 2011, the Court heard the Defendants' motions to compel and for sanctions against plaintiff HSR General Engineering Services, Inc. ("HSR") in the above-captioned adversary proceeding.

4. The Court granted the Defendants' motion to compel as to HSR's failure to serve Fed.R.Bankr.P. 7026 initial disclosures, among other things.

5. With respect to the Defendants' motion for sanctions, the Court stated that counsel for the Defendants could submit a declaration of estimated time spent in connection with the initial disclosures aspect of the motions for consideration by the Court in awarding sanctions.

6. I spent 0.3 hours in preparing the June 6, 2011 letter to HSR's counsel regarding HSR's failure to serve initial disclosures.

7. I spent 7.4 hours in preparing the Defendants' initial moving papers, including: (a) notice of motion to compel; (b) motion to compel; (c) memorandum of points and authorities in support of motion to compel; (d) notice of motion for sanctions; (e) motion for sanctions; and (f) memorandum of points and authorities in support of motion for sanctions. In addition, I spent 2.0 hours preparing the declaration in support of the motions.

8. I spent a total of 6.0 hours preparing the Defendants' reply brief and supplemental declaration in support of the motions.

9. I spent 4.8 hours attending the April 12, 2011 hearing on the motions, including travel time to and from my office in San Francisco to the courthouse in San Jose.

10. The 0.3 hours described in Paragraph 6 above pertains solely to the initial disclosures aspect of the motions.

11. Of the 18.2 hours described in Paragraphs 7-9 above, only a relatively small part pertains to the initial disclosures aspect of the motions, with the balance of the time related to the other discovery issues addressed in the motions. When recording my time, I did not divide the 18.2 hours between different aspects of the motions, such as "X" number of hours for the initial disclosures aspect of the motions, "Y" number of hours for the interrogatories aspect of the motions, etc. Rather, I billed by the tasks described in Paragraphs 7-9 above.

12. In reviewing the time spent and work performed, I estimate that 10-20% of the 18.2 hours described in Paragraphs 7-9 above pertained to the initial disclosures aspect of the motions, with the balance of the time related to the other discovery issues addressed in the motions. If the middle point of this estimated range – 15% – is used, then the estimated hours for the initial disclosures aspect of the motions was 2.7 hours (18.2 multiplied by 15% and rounding the result down to the nearest tenth of an hour).

13. Adding the 0.3 hours from Paragraph 10 above and the 2.7 hours from Paragraph 12 above totals 3.0 hours associated with the initial disclosures aspect of the motions.

14. As explained in my declaration in support of the motions (Docket No. 33), my billing rate for work on this matter is $275 per hour, and I believe that this rate is reasonable and consistent with rates charged for similar work on behalf of similarly situated clients in the Bay Area legal marketplace.

15. Three hours multiplied by $275 per hour totals $825, which I believe represents a reasonable estimate of the attorney's fees incurred by the Defendants in connection with the initial disclosures aspect of the motions.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 19th day of July, 2011.

/s/ Joel M. Long
Joel M. Long